IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Deborah Ann Rafferty<br>　　　　Debtor | : Bankruptcy No. 14-14442 SR<br>: Chapter 13<br>:<br>: |
| WILMINGTON SAVINGS FUND SOCIETY, FSB, doing business as CHRISTIANA TRUST, not in its individual capacity but solely as Trustee for BCAT 2014-9TT c/o Shellpoint Mortgage Servicing | :<br>:<br>:<br>:<br>: |
| 　　　　Movant<br>vs. | :<br>: |
| Deborah Ann Rafferty | : |
| 　　　　Debtor/Respondent | : |
| and | : |
| Frederick L. Reigle, Esquire | : |
| 　　　　Trustee/Respondent | :<br>: |

### CONSENT ORDER / STIPULATION AGREEMENT SETTLING MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, upon the Motion of WILMINGTON SAVINGS FUND SOCIETY, FSB, doing business as CHRISTIANA TRUST, not in its individual capacity but solely as Trustee for BCAT 2014-9TT c/o Shellpoint Mortgage Servicing ("Creditor" or "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property located at 321 Timber Jump Lane, Media, PA 19063, (the "Property"), it is hereby agreed as follows:

The parties acknowledge that since the filing of the Motion, Debtor, Deborah Ann Rafferty ("Debtor") has submitted payments toward the cure of the post-petition default, and that the following amounts are currently due as follows:

　　　　Counsel Fees/Costs for Motion ......................................... $   850.00
　　　　Filing Fee ........................................................................... $   176.00
　　　　Suspense ............................................................................ ($  773.43)
　　　　Arrears ("Arrears") ............................................................ $   252.57

1. Debtor shall cure the Arrears as set forth above by paying one-third (1/3) of the Arrears per month ($84.19/*month*) for the next three (3) months, together with the regular monthly mortgage payment (currently $2,243.53 /*month*), for a total combined monthly payment of *$2,327.72/month* for the next three (3) months beginning on *November 1, 2016*. In the event the regular monthly payment changes for any reason, then the amount due pursuant to Paragraph 2 shall be adjusted accordingly. Thereafter, Debtor agrees to continue making the regular monthly mortgage payments.

2. Debtor shall make the regular monthly payments required to the Trustee.

3. Debtor shall send all payments due directly to Creditor at the address below:

Shellpoint Mortgage Servicing
PO Box 740039,
Cincinnati, OH 45274-0039

The loan #xxxxx9449 must appear on each payment

4. In the event Debtor fails to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtor and Debtor's counsel notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtors and Debtors' counsel, Creditor shall immediately have relief from the bankruptcy stay.

5. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

6. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

7. In the event Debtor converts to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtor shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtor fails to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

8. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtor's Counsel represents that the Debtor is familiar with and understands the terms of this Stipulation and agrees to said terms regardless of whether the Debtor has actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

_____
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor
Date: 10/27/16

_____
Stephen Vincent Bottiglieri, Esquire
Counsel for Debtor
Date: 10/27/16

_____
Frederick L. Reigle, Esquire
Trustee
Date: 11/27/16

And Now, this _____ day of _____, 2016, it is hereby ORDERED that this Stipulation between the parties is approved.

_____
Honorable Stephen Raslavich
U.S. Bankruptcy Judge